GEORGE BAESLACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baeslack v. Commissioner
Docket No. 6831-87
United States Tax Court
T.C. Memo 1988-375; 1988 Tax Ct. Memo LEXIS 403; 55 T.C.M. (CCH) 1563; T.C.M. (RIA) 88375; August 15, 1988
George Baeslack, pro se. Arthur Yellin, for the respondent. WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A of the Internal Revenue Code and Rule 180 et seq. [1]
This matter is before the Court on petitioner's motion for litigation costs, filed January 19, 1988, pursuant to section 7430 and Rule 231. On March 16, 1988, respondent filed an objection to petitioner's motion for litigation costs. When this case was called from the calendar on December 16, 1987, in Newark, New Jersey, the parties appeared and file a stipulation that there is no deficiency in income tax due from, nor overpayment due to, petitioner for 1983 and *405 that there are no additions to tax due from petitioner under sections 6653(a)(1) and (2) for 1983. At that time, petitioner restated his intention to file a motion for litigation costs so the Court kept the record open to allow petitioner time to file such motion and for respondent to file an objection. The facts in this case are based upon the record including affidavits and exhibits filed by both parties in support of their positions. At the time the petition in this case was filed, petitioner resided in Clifton, New Jersey. During 1983, petitioner was employed by National Data Corporation (NDC). He timely filed his 1983 Federal income tax return in which he reported wages from NDC in the amount of $ 26,194.68. Subsequently, respondent's Service Center prepared a "TY 83 UNDERREPORTER TRANSCRIPT" showing that NDC had filed a Form 1099 MISC for 1983 reporting payments to the petitioner of rents and royalty income in the amount of $ 11,285.30. This amount was not reported on petitioner's 1983 Federal income tax return. In a statutory notice of deficiency dated March 11, 1987, respondent determined a deficiency of $ 2,346.45 in petitioner's Federal income taxes for 1983 *406 and additions to tax under section 6653(a)(1) of $ 117.32 and under section 6653(a)(2) of 50 percent of the interest due on $ 2,346.45. Petitioner filed a petition on March 16, 1987, in which he disputed the determinations in the notice of deficiency. On May 1, 1987, Appeals Officer, Lillian Cook, wrote petitioner offering a conference date and time and requesting that petitioner bring a statement from NDC stating whether he received any taxable income from NDC other than wages in 1983. On May 6, 1987, petitioner sent a letter to Ms. Cook in which he set forth certain conditions that Ms. Cook would have to meet before he would agree to a hearing. Ms. Cook wrote to petitioner on July 28, 1987. She again requested that he provide a statement from NDC stating whether he received taxable income from NDC other than wages in 1983 and she provided him with a copy of the 1983 Underreporter Transcript which indicates Form 1099 MISC rents and royalty income of $ 11,285.00 from NDC. Petitioner responded by a letter dated August 1, 1987, indicating that respondent should contact NDC for the requested information. On September 10, 1987, Ms. Cook wrote to NDC requesting verification of *407 the amount shown on the Form 1099 MISC and whether such amount was paid to petitioner. Petitioner's case was forwarded to District Counsel for trial preparation on October 29, 1987, because no response had been received from NDC and the case was scheduled for trial at the Tax Court session in Newark, New Jersey commencing December 14, 1987. On November 19, 1987, District Counsel wrote to petitioner to request a conference for trial preparation and to stipulate facts. Petitioner responded by a letter dated November 21, 1987, in which he accused District Counsel of intimidation and set forth certain conditions as prerequisites to a meeting. Petitioner did indicate that if respondent felt "that there absolutely must be a conference" then he would meet with respondent in a local public library. In late November 1987, respondent received a letter from NDC. NDC stated in the letter that "we are unable to locate any records to support the Form 1099 MISC filed against George Baeslack." They also requested that their original Form 1099 MISC filing for petitioner be cancelled. Based upon the letter from NDC, respondent conceded the case by letter to petitioner dated December 9, 1987. *408 Respondent sent to petitioner decision documents indicating no deficiency in income tax due from, nor overpayment due to, petitioner for 1983 and no additions to tax due under section 6653(a)(1) and (2). Petitioner did not sign the decision documents. Petitioner submitted an affidavit, signed by him, in support of his claimed litigation costs. Petitioner is claiming costs of $ 86.79 which consist of a $ 60.00 Court filing fee and $ 26.79 of mailing and copying cost. The sole issue for our decision is whether petitioner should be awarded reasonable litigation costs under section 7430. Section 7430(a) provides that a taxpayer who is the prevailing party in a civil tax proceeding may be awarded reasonable litigation costs incurred in such proceeding. To qualify as the prevailing party, the taxpayer must (1) establish that the position of the United States in the civil proceeding was not substantially justified; (2) have substantially prevailed in the litigation; and (3) have a net worth which did not exceed $ 2,000,000.00 at the time the civil proceeding was initiated. Sec. 7430(c)(2)(A). Litigation costs will not be awarded under section 7430(a) if the Court determines *409 that the prevailing party has not exhausted the administrative remedies available to such party within the Internal Revenue Service. Sec. 7430(b)(1). No award for litigation may be made with respect to any part of the proceeding during which the prevailing party has unreasonably protracted the proceeding. Sec. 7430(b)(4). All of these conjunctive requirements must be met for an award to be made. Sher v. Commissioner,89 T.C. 79 (1987); Minahan v. Commissioner,88 T.C. 492, 497 (1987). The first inquiry here is whether respondent's position was substantially justified. Petitioner bears the burden of proof on this issue. Rule 142(a). The substantially justified standard in section 7430(c)(2)(A)(i) is essentially a continuation of the reasonableness standard from prior law. [2]Rutana v. Commissioner,88 T.C. 1329 (1987). Our inquiry considers whether respondent's position was reasonable in both fact and law, and requires an examination into the facts and circumstances. Wasie v. Commissioner,86 T.C. 962, 968 (1986). *410 The phrase "position of the United States" as defined in section 7430(c)(4) includes: (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.
Since District Counsel was not involved in petitioner's case until after the petition was filed, our examination concerns respondent's position after the date of the filing of the petition to determine whether such position was unreasonable. There is no evidence that respondent's position in this civil proceeding was not substantially justified. Petitioner filed his petition on March 16, 1987, disputing respondent's determinations as set forth in the notice of deficiency. Soon thereafter, respondent scheduled a conference to allow petitioner to submit documentation supporting his view that, contrary to the Form 1099 MISC filled by NDC, he received no rents or royalty income from NDC in 1983. Petitioner did not supply any such documentation nor did he meet with respondent. In July of 1987, respondent again requested that petitioner *411 provide a statement from NDC stating whether he received taxable income other than wages from NDC in 1983. Petitioner again refused to supply such information and suggested that respondent contact NDC to verify the information. Although she was under no duty to do so, respondent's representative contacted NDC requesting verification of the Form 1099 MISC. As soon as respondent received a response from NDC requesting that the original Form 1099 MISC filing for petitioner be cancelled, he conceded the case. Respondent's actions are reasonable and his position through the civil proceeding was substantially justified within the context of section 7430. Respondent repeatedly urged petitioner to participate in a conference or at least submit some documentation in support of his position. But each of respondent's attempts were frustrated by petitioner. Respondent's position in the civil proceeding was substantially justified. Accordingly, petitioner's motion for award of litigation costs is denied. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and as in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Section 7430(c)(2)(A)(i) was amended by section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. Prior law required by the taxpayer to prove the United States' position "was unreasonable." ↩