LINDA J. DOYLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Doyle v. Commissioner
Docket No. 20314-87.
United States Tax Court
T.C. Memo 1988-449; 1988 Tax Ct. Memo LEXIS 470; 56 T.C.M. (CCH) 260; T.C.M. (RIA) 88449; September 20, 1988. Judith A. Mazia, for the petitioner. Debra Estrem, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency of income tax for the *471 year 1983 in the amount of $ 19,124, and an addition to tax under section 6653(a) [1] in the amount of $ 956.20, against petitioner and Richard H. Doyle (deceased). A timely petition was thereafter filed on June 26, 1987, with this Court with respect to said notice of deficiency. [2] At the time of filing the petition herein, petitioner was a resident of San Francisco, California. At the time the case was called from a trial calendar of the Court in San Francisco, California, the parties announced that all outstanding substantive issues in the case had been settled, and a stipulation of settled issues was filed with the Court, under which *472 respondent agreed and conceded that there was no deficiency in tax, nor addition to tax, due from petitioner for the year 1983. This eliminated the necessity for any trial, leaving open for determination only the question (if raised) of the allowability of fees and costs to petitioner pursuant to section 7430. Petitioner thereafter filed a motion under Rule 231 for the allowance of such fees and costs. The Court having ordered a response thereto under Rule 232(a)(2), and such response having been received from respondent, as well as petitioner's further additional affidavit, pursuant to Rule 232(d), the matter is now presented for our determination. Rule 232(a). Generally, a taxpayer who has substantially prevailed in a civil tax proceeding before us may be awarded a judgment for reasonable litigation costs incurred in such proceeding. Sec. 7430(a). In order to be entitled to such an award, the taxpayer must, inter alia, be the "prevailing party." In order to show that he is the prevailing party, [3] the taxpayer must establish (1) That the position of the United States in the action before us was not substantially justified, sec. 7430(c)(2)(A)(i); (2) That the taxpayer *473 has substantially prevailed in the litigation, sec. 7430(c)(2)(A)(ii); and (3) That the taxpayer has a net worth which did not exceed $ 2 million at the time the case before us was initiated, sec. 7430(c)(2)(A)(iii). [4]
The requirements of section 7430(c)(2)(A) are not separate but conjunctive, and a taxpayer must satisfy all three of said conditions in order to qualify as a "prevailing party." Sher v. Commissioner,89 T.C. 79 (1987); Stieha v. Commissioner,89 T.C. 784 (1987); see Vanderpol v. Commissioner, 91 T.C.    (August 29, 1988). It is clear that petitioner has met the second of the above conditions herein, as demonstrated by the instant record and the stipulation of the parties in which respondent has conceded the *474 entire amount in issue in favor of petitioner. We are then left to determine whether petitioner has satisfied the third condition mentioned above, relating to her net work; and, if so, whether she has established the first of the conditions -- that the position of the United States in this civil proceeding was not substantially justified; and, if so, the amount of reasonable litigation costs to which she may be entitled under section 7430(c)(1). Section 7430(c)(2)(A) provides, with respect to the net worth requirement, as follows: (2) Prevailing Party. -- (A) In general. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- * * * (iii) meets the requirements of section 504(b)(1)(B) of title 5, United States Code (as in effect on the date of the enactment of the Tax Reform Act of 1986 and applied by taking into account the commencement of the proceeding described in subsection (a) in lieu of the initiation of the adjudication referred to in such section). Title 5, United States Code, section 504(b)(1)(B)(1988), in turn provides in *475 relevant part as follows: (B) "party" means a party as defined in section 551(3) of this Title, who is (i) an individual whose net worth did not exceed $ 2 million at the time the adversary adjudication was initiated, * * *. The burden of proof in all these matters is upon the petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rules 142(a), 232(e). In spite of the clear mandate of the statute, petitioner in her motion for the allowance of litigation costs, and accompanying affidavits, presented no proof at all as to her net worth at the time of instituting this action, see Stieha v. Commissioner, supra, and we must therefore decide the instant motion in favor of respondent. It is accordingly unnecessary for us to consider in this case whether petitioner has satisfied the requirements of section 7430(c)(2)(A)(i). An appropriate order will be entered and decision will be entered for the petitioner.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. As originally filed, the petition herein was in the names of Richard H. Doyle, deceased, and Linda J. Doyle. By Order dated September 8, 1988, said petition was dismissed with respect to petitioner Richard H. Doyle, deceased, for lack of jurisdiction, and the case was recaptioned in the name of Linda J. Doyle as sole petitioner. ↩
3. Respondent does not allege that any of the limitations of section 7430(b) would act as a bar to petitioner's claim here. ↩
4. Section 7430(c)(2)(A)(iii) was added by section 1551(d)(2) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, and applies to amounts paid after September 30, 1986, in civil actions or proceedings commenced after December 31, 1985. Its provisions thus apply to this case. ↩