WILLIAM A. COSBY and GRACE L. COSBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cosby v. Commissioner
Docket No. 27924-87
United States Tax Court
T.C. Memo 1988-506; 1988 Tax Ct. Memo LEXIS 529; 56 T.C.M. (CCH) 533; T.C.M. (RIA) 88506; October 20, 1988. Edward M. McGowan, II, for the petitioners. Thomas G. Schleier, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: In a statutory notice of deficiency dated May 23, 1987, respondent determined that a deficiency existed in petitioners' Federal income tax for 1983 in the amount of $ 483 and that the petitioners were liable for *530 additions to tax in the amount of $ 24 pursuant to section 6653(a)(1), [1] and in an amount equal to 50% of the interest due on the deficiency pursuant to section 6653(a)(2). Respondent has since conceded the travel expense issue giving rise to the deficiency and, accordingly, now agrees that there is no deficiency in income tax or additions to tax due from petitioners with respect to their 1983 taxable year. The only issue for decision is whether petitioners are entitled to litigation costs pursuant to Rule 231. After a review of the record, including petitioners' motion for reasonable litigation costs, the amendment to such motion, and the affidavits and exhibits failed in support thereof, and including respondent's objection to petitioner's motion and memorandum in support of such objection, we find it unnecessary to hold an evidentiary hearing on the issue before us as the facts in dispute are not relevant to our conclusion. The relevant facts which are not in dispute are set forth below. Petitioners *531 resided in Newark, California, at the time the petition in this case was filed. During 1983, petitioner Grace L. Cosby (Mrs. Cosby) was employed as an outside salesperson and interior designer by Montgomery Ward and Company (Ward). In the performance of her services for Ward, all of which were conducted from her own home, Mrs. Cosby would receive customer assignments from Ward over the phone, and would be required to travel to such customers to provide her services. Mrs. Cosby was reimbursed by Ward for travel equal to the mileage which would have been traveled by Mrs. Cosby had she gone from the Ward store to the first customer's location, from customer to customer, and from the last customer's location back to the Ward store. However, Mrs. Cosby often traveled miles in the performance of services in excess of those for which she was reimbursed. On her 1983 Federal income tax return, Mrs. Cosby claimed a business expense deduction in the amount of $ 2,204, which was calculated by multiplying those miles she actually traveled in the performance of her duties in excess of the miles for which she was reimbursed by Ward by the standard mileage rate allowance. Mrs. Cosby kept weekly *532 mileage logs for all miles she traveled in connection with her employment, and adequate records of those miles for which she was reimbursed. Respondent's Examination Division audited petitioners' 1983 return and proposed a disallowance of the $ 2,204 travel expense petitioners claimed. Petitioners were notified of such proposed disallowance, and requested a pre-petition administrative conference with an appeals officer of respondent. C. Dazols (Dazols) was the appeals officer assigned petitioners' case who participated in the administrative conference with petitioners. During the conference with Dazols, such officer examined, and accepted as accurate, the mileage logs maintained by Mrs. Cosby. Further, Dazols did not dispute that Mrs. Cosby worked out of her home while employed by Ward. Dazols, however, continued to refuse to allow petitioners the claimed deduction. After the appeals conference concluded without a resolution of the dispute concerning petitioners' claimed travel expenses, respondent issued, on May 23, 1987, a notice of deficiency disallowing petitioners' claimed deduction, and determining a deficiency in, and additions to, petitioners' Federal income tax *533 as set forth above. In response to such notice of deficiency, petitioners filed a petition for a redetermination of the deficiency on August 19, 1987. Respondent's San Francisco, California, District Counsel's office filed an answer to the petition on October 8, 1987, and no communications were had between the parties in the approximately seven months thereafter. During the seven month period immediately following the date its answer was filed, respondent's San Francisco District Counsel's office handled eight regular Tax Court trial calendars, not including the calendar on which the instant case was scheduled. Each of such calendars had, at a minimum, 200 cases set for trial. Also during such seven month period, the San Francisco District Counsel's office handled five special calendars involving small tax cases. Finally, such district counsel's office also handled five "special project calendars" during the period following the filing of its answer to the petition in this case. Petitioners had their first meeting with a representative of respondent's San Francisco District Counsel's Office on May 17, 1988, approximately seven months after respondent's answer to the petition *534 was filed. During such meeting, respondent's district counsel learned of the extent and nature of Mrs. Cosby's work area at home. Based upon this information, and the perceived hazards of litigation, respondent conceded, on June 2, 1988, that there were no deficiencies in tax or additions to tax with respect to petitioner's 1983 taxable year. Following such concession, petitioner brought the present motion for an award of reasonable litigation costs, seeking recovery of litigation costs in the amount of $ 710.53. In a proceeding before this Court, we are authorized to award to the prevailing party a judgement for the reasonable litigation costs incurred by such party in such proceeding. Sec. 7430(a). [2] To qualify as a "prevailing party" within the meaning of section 7430(a), petitioners must establish that the position of the United States (respondent herein) was not substantially justified. Sec. 7430(c)(2)(A)(i). Further, petitioners must also establish that with respect to the amount in controversy, or with respect to the issues presented, they substantially prevailed in the proceeding, sec. 7430(c)(2)(A)(ii); that their net worth at the commencement of the proceeding did *535 not exceed $ 2,000,000, sec. 7430(c)(2)(A)(iii); and that they exhausted the administrative remedies available to them within the Internal Revenue Service, sec. 7430(b)(1). Finally, petitioners must also establish that the litigation costs for which recovery is sought are reasonable. Sec. 7430(c)(1)(A). *536 Respondent does not dispute that petitioners substantially prevailed in the subject proceeding with respect to the deductibility of their travel expenses, or that petitioners exhausted the administrative remedies available to them within the Internal Revenue Service. Respondent does assert, however, that petitioners have not established: (1) that respondent's position was not substantially justified; (2) that petitioners had a net worth not in excess of $ 2,000,000 at the commencement of the subject proceeding; and, (3) that the amount of litigation costs is reasonable. With respect to the first of the requirements in dispute, "our application of the substantially justified standard to administrative actions or inactions prior to the institution of a proceeding is limited to the period beginning with the point at which District Counsel has become involved." Sher v. Commissioner,89 T.C. 79, 86 (1987). See also Egan v. Commissioner, 91 T.C.    (filed September 28, 1988). In the case at hand, respondent's district counsel first became involved with the preparation and filing of respondent's answer on October 8, 1987. Under Rule 231(b)(3), petitioners' *537 motion for an award of reasonable litigation costs is required to contain: a clear and concise statement of each reason why the moving party alleges that the position of the Commissioner in that action was unreasonable, and a statement of the facts on which the moving party relies to support each of such reasons.
In an attempt to comply with such rule, petitioners have set forth only actions taken by the examining agent and the appeals officer which actions petitioner asserts were substantially unjustified. Petitioners have not set forth any actions by respondent's district counsel's office upon which petitioners' motion for reasonable litigation costs might be based. In fact, with respect to actions by respondent's district counsel's office, petitioners merely allege that "upon examining the case, I.R.S.' [sic] District Counsel conceded the case." Petitioners have intimated that their motion for reasonable litigation costs might also be based upon respondent's district counsel's inaction with respect to petitioners' case over the seven month period following the filing of respondent's answer. The record, however, fails to reflect that petitioner ever attempted to induce *538 respondent's district counsel to reach a more expeditious resolution of their case during such seven month period. Further, the record also does not reflect that respondent ever affirmatively delayed the resolution process. Under the facts of this case, we are unwilling to equate respondent's district counsel's inaction with the maintenance of a substantially unjustified position, particularly in light of respondent's explanation for its inaction, i.e., its occupation with the plenitude of trial calendars and cases for which it was responsible during such seven month period. In light of the foregoing, we must hold that petitioners have not established the first of the requirements under section 7430 which was disputed by respondent. Accordingly, we need not address petitioners' establishment of the other two disputed requirements. For the foregoing reasons, Petitioners' motion for litigation costs will be denied.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩
2. Section 7430 provides in relevant part: SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. (a) IN GENERAL. -- In the case of any civil proceeding which is -- (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding. (b) LIMITATIONS. -- (1) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED. -- A judgement for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. (c) DEFINITIONS. -- For purposes of this section -- (1) REASONABLE LITIGATION COSTS. -- (A) IN GENERAL. -- The term "reasonable litigation costs" includes -- (i) reasonable court costs, and (ii) based upon prevailing market rates for the kind of quality services furnished -- * * * (III) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding, except that such fees shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate. (2) PREVAILING PARTY. -- (A) IN GENERAL. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was not substantially justified, (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and (iii) meets the requirements of section 504(b)(1)(B) of title 5, United States Code (as in effect on the date of the enactment of the Tax Reform Act of 1986 and applied by taking into account the commencement of the proceeding described in subsection (a) in lieu of the initiation of the adjudication referred to in such section). * * * (4) POSITION OF UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. ↩