LILLIE COLEMAN RUDIGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; DONALD L. COLEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rudiger v. Commissioner
Docket Nos. 12805-87; 21435-87
United States Tax Court
T.C. Memo 1988-519; 1988 Tax Ct. Memo LEXIS 546; 56 T.C.M. (CCH) 587; T.C.M. (RIA) 88519; November 7, 1988
*546 Held: Neither petitioner is entitled to litigation costs since the position of respondent was substantially justified. Marjorie Stephens, for the petitioner in docket No. 21432.87. Richard Keys Disney, for the petitioner in docket No. 21435-87. James Prothro and James Lessis, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: These two dockets are now pending before the Court on *547 motions for award of reasonable litigation costs filed respectively by petitioner Donald L. Coleman and petitioner Lillie Coleman Rudiger. These two cases were consolidated for trial, briefing, and opinion. Following the trial on June 29, 1988, we issued a Bench Opinion pursuant to section 7459(b) [1] and Rule 152. Prior to trial, a number of issues were settled by the parties leaving for trial these two dockets in which the issues were the amounts of the deficiencies and the fraud addition for the years 1977 and 1978. If respondent failed to sustain the fraud addition, the 2 years would be barred by the running of the statute of limitations. In docket No. 12805-87, Ms. Rudiger also claimed to be an innocent spouse. During the years at issue petitioners were married and filed joint Federal income tax returns based on the calendar year. The audits appear to have been initiated at least in part as a result of information received by respondent's agents from one Wayne R. Crooks *548 who informed respondent's agents that the use by Mr. Coleman of a trade name was a device to conceal income. Mr. Coleman's case depended largely on the credibility of the two principal witnesses, Mr. Coleman and Mr. Crooks, whose testimony was in substantial conflict on whether Mr. Coleman used a trade name in an effort to conceal income. Finding Mr. Coleman to be credible and Mr. Crooks to be biased and not credible, we found against respondent on the fraud addition. Therefore we held that the statute of limitations had run on the 2 years. In 1986, Congress amended section 7430 to conform that provision more closely to the Equal Access to Justice Act. Sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. Under the statute as amended, in order to obtain an award of litigation costs, the taxpayer must establish that the position of the United States was "not substantially justified." Sec. 7430(c) (2) (A) (i). This test is essentially one of reasonableness. Sher v. Commissioner,89 T.C. 79, 84 (1987), (appeal pending 5th Circuit). Under the statute as amended, our application of the substantially justified standard to administrative actions *549 or in actions prior to the institution of a proceeding is limited to the period beginning with the point at which district counsel has become involved. [2]Sher v. Commissioner, supra; Egan v. Commissioner, 91 T.C.     (filed Sept. 28, 1988). Based on the record before us, petitioners have not established that the position of the United States was not substantially justified. Mr. Crooks is a well-educated businessman whose statements would appear to be reliable and trustworthy until tested in a trial setting. Until Mr. Coleman and Mr. Crooks both testified under oath, there was no satisfactory way to determine the credibility of either individual. Respondent's action in conceding the fraud addition against Ms. Rudiger after the trial was not unreasonable under these circumstances. Moreover, *550 Mr. Coleman declined to cooperate with respondent's counsel until Mr. Coleman's present counsel entered her appearance on June 17, 1988, shortly before trial. We conclude that respondent acted reasonably in the matter. Perhaps Mr. Coleman could have presented sufficient facts to demonstrate to a reasonable person that there was no basis for the fraud addition. But not having attempted to do so, Mr. Coleman cannot complain. Ms. Rudiger of necessity relied upon Mr. Coleman and must share his circumstances. We therefore have no need to reach or discuss respondent's other grounds for opposing the award of litigation costs. The motions of the respective petitioner will be denied. Appropriate orders will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that in Powell v. Commissioner,791 F.2d 385 (5th Cir. 1986), that circuit to which this case is appealable, examination of the pre-litigation position of respondent was approved. However, that case arose under section 7430 prior to its amendment by the 1986 Tax Reform Act. See Egan v. Commissioner,↩ 91 T.C.     (filed Setp. 28, 1988).