T.C. Memo. 2000-299


UNITED STATES TAX COURT


ROBERT LLOYD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 1477-97, 6774-97.      Filed September 25, 2000.


<u>Irvin W. Fegley</u>, for petitioner.

<u>Margaret S. Rigg</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  These cases were assigned to Special Trial

Judge Norman H. Wolfe pursuant to the provisions of Rules 180,

181, and 183.  All section references are to the Internal Revenue

Code in effect at the time the petition was filed, unless

otherwise indicated.  All Rule references are to the Tax Court

Rules of Practice and Procedure.  The Court agrees with and

adopts the opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge:  These cases are before the Court on petitioner's motion for an award of reasonable litigation costs under section 7430 and Rules 230 through 233. Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:

| | | Additions to Tax | |
|------|------------|-----------------|-------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6662(a) |
| 1992 | $46,172 | $11,543 | $9,234 |
| 1993 | 28,796 | 7,199 | 5,759 |
| 1994 | 73,332 | -- | 14,666 |

After these cases were docketed, the parties filed a stipulation of settled issues that disposed of all adjustments without trial.  Thereafter, petitioner filed motions for litigation costs and respondent filed objections to petitioner's motions.  Neither party has requested a hearing, and the Court concludes that a hearing is unnecessary for the proper disposition of these motions.  See Rule 232(a)(2).

These related cases have been consolidated for the purpose of considering petitioner's motions.  At the time the petitions were filed, the petitioner resided in Beijing, People's Republic of China.

A.  The 1992 Tax Year Audit

On August, 29, 1994, petitioner filed his 1992 Federal income tax return using the following mailing address:  67 Rosewood Drive, Atherton, California 94027 (the Atherton address).  On June 14, 1995, respondent mailed petitioner a letter informing him that his 1992 Federal income tax return had been selected for audit.  Respondent's audit letter requested that petitioner contact respondent within 10 days to arrange an interview and bring to the interview complete records concerning specified claimed deductions.  On July 31, 1995, petitioner called respondent and arranged an initial interview.  Petitioner failed to attend the interview.  On August 29, 1995, respondent mailed a notice of proposed deficiency (30-day letter) to petitioner at the Atherton address.

On September 25, 1995, petitioner faxed to respondent a handwritten letter informing respondent that he had moved to Beijing, China, and that he needed additional time to furnish the requested information.  Petitioner further stated that he was unable to find his business records and that he needed more time to recreate them using his check register and credit card statements.

Petitioner asserts that he responded to respondent's audit letter by delivering a letter and three boxes of documents to respondent on November 30, 1995.  Petitioner contends that the

position respondent took in his answer was not substantially justified because respondent failed to review the documents prior to issuing the notice of deficiency. Respondent asserts that petitioner did not deliver a letter or records on November 30, 1995. Respondent's records do not contain an entry that indicates that petitioner delivered a letter or documents on November 30, 1995.

On August 7, 1996, respondent issued a notice of deficiency to petitioner using the Atherton address. On January 15, 1997, respondent mailed an additional copy of the notice of deficiency to petitioner in Beijing, China. In the notice of deficiency, respondent took the position that petitioner failed to report income of $175,984 on his 1992 Federal income tax return and failed to substantiate certain claimed deductions. Petitioner filed a petition with this Court on April 9, 1997.

B.  The Audit of the 1993 and 1994 Tax Years

Petitioner filed his 1993 Federal income tax return on January 12, 1995, using the Atherton address. On October 13, 1995, petitioner filed his 1994 Federal income tax return using the following mailing address:  50 Victoria Avenue, Millbrae, California 94030 (the Millbrae address).

On April 4, 1996, respondent mailed a letter to petitioner informing him that an audit of petitioner's 1994 Federal income tax return had been opened. This letter was sent to the Millbrae

address.  The letter requested that petitioner contact respondent to arrange a conference and also requested substantiation of petitioner's claimed deductions.[1]

Petitioner asserts that on May 28, 1996, he faxed to respondent a letter informing respondent that he had moved to Beijing, China.  Respondent claims that he did not receive this letter.

On May 29, 1996 respondent mailed a 30-day letter to both the Atherton and Millbrae addresses.  This letter proposed adjustments to petitioner's 1993 and 1994 tax returns and indicated that petitioner could request an Appeals Office conference.

On July 15, 1996, respondent's auditors sent petitioner's 1993 and 1994 administrative files to the Examination Support Procedure (ESP) unit for the preparation of a notice of

---

[1]    Respondent alleges that on Mar. 26, 1996, respondent sent a letter to petitioner at both the Atherton and Millbrae addresses indicating that respondent had opened an audit for the 1993 tax year.  According to respondent, the audit letter requested that petitioner contact respondent to arrange a conference and to provide information concerning petitioner's claimed deductions. Respondent also states that the audit letter that was sent to the Atherton address was returned as undeliverable and that the U.S. Postal Service attached to the letter a mailing label that indicated that petitioner's new address was the Millbrae address. Respondent also claims that the U.S. Postal Service did not return the letter that was sent to the Millbrae address.  These allegations are supported by the affidavit of Barbara Gee, manager of the Office Audit Section of the San Mateo Office of the IRS.  Copies of the documents Ms. Gee refers to are not included in the record.

deficiency. On July 23, 1996, petitioner delivered three boxes of documents regarding his 1993 and 1994 tax years to respondent's auditors. At this time, petitioner was informed by Barbara Gee (Gee), respondent's auditor, that her office no longer had petitioner's administrative files and that she could not review petitioner's documents without the administrative files. Consequently, Gee requested that petitioner contact ESP to request that his administrative files be sent back to Gee's office. Gee also requested that petitioner make an appointment to review his documents with respondent's auditors. Petitioner was unwilling to make an appointment.

On August 16, 1996, respondent sent a notice of deficiency for the 1993 and 1994 tax years to the Millbrae address. On August 27, 1996, another copy of the notice was sent to petitioner in Beijing, China. In the notice of deficiency, respondent determined deficiencies, partly because petitioner failed to substantiate deductions he claimed on his 1993 and 1994 Federal income tax returns.

On October 11, 1996, petitioner requested that ESP send the 1993 and 1994 administrative files back to respondent's auditors. The administrative files were sent back to respondent's auditors on October 18, 1996.

On November 12, 1996, Peter Phillips (Phillips), respondent's auditor, spent 1 day reviewing petitioner's

documents. Phillips attempted to organize and analyze the documents submitted by petitioner. However, without petitioner's explanation and assistance Phillips found it difficult to review and understand the documents. After spending a day reviewing the case, Phillips discussed his difficulties with Gee. Gee decided that Phillips should not spend any more time reviewing the documents. As a result of Phillips' review, respondent issued a supplemental report for 1993 that allowed a substantial portion of petitioner's claimed Schedule C, Profit or Loss From Business, expenses. The supplemental report did not make any adjustments to petitioner's 1994 tax year. Petitioner in writing disagreed with the supplemental report, offered to meet with respondent's representative, and then filed a petition with this Court on January 24, 1997.

## C. Post-Petition

Respondent filed an answer to the petition in the case concerning the 1993 and 1994 years on March 7, 1997, and filed an answer to the petition in the case concerning the 1992 year on May 16, 1997. In both answers, respondent maintained the positions taken in the notices of deficiency.

On June 25, 1997, and June 27, 1997, Ms. Geraldine Melick (Melick), an Appeals officer, met with petitioner regarding both cases. At the meeting petitioner explained many matters that were not evident from his records. First, he described the

prenuptial agreement between himself and his wife that affected the division of business income and expenses. Second, he disclosed the source of unreported income with respect to his 1992 tax year. Third, he explained how his business had large profits in some years and large losses in others.

On June 27, 1997, Melick offered to concede all adjustments for the 1992 tax year. Melick also requested additional information regarding the 1994 tax year, and she indicated that respondent would concede the adjustments for the 1993 and 1994 tax years upon the receipt of such information. On July 2, 1997, petitioner provided the additional information sought by respondent. Upon receipt of the information, respondent conceded the adjustments for the 1993 and 1994 tax years.

Discussion

A taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable litigation costs incurred in such proceedings. See sec. 7430(a)(2). Under section 7430, a judgment for litigation costs incurred in connection with a court proceeding may be awarded only if a taxpayer: (1) Has exhausted his administrative remedies within the IRS; (2) has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; (3) has satisfied the applicable net worth requirement; and (4) did not unreasonably protract the court proceeding.

However, the taxpayer fails to qualify as the prevailing party if the Commissioner establishes that his position was substantially justified. See sec. 7430(c)(4)(B)(i). Respondent bears the burden of proving that respondent's position was substantially justified. See id.

After concessions by respondent,[2] the issues for decision are: (1) Whether respondent's positions were substantially justified; (2) whether petitioner exhausted his administrative remedies for the 1993 and 1994 tax years; and (3) whether the amount of costs and attorney's fees claimed by petitioner are reasonable.

A.  1992 Tax Year

Because of the concessions made by respondent, the sole issue for determination for the tax year 1992 is whether respondent's position was substantially justified.

For purposes of an award of litigation costs, the position of the United States is the position taken by the United States in a judicial proceeding. See sec. 7430(c)(7)(A). The United States took a position in these judicial proceedings when it filed an answer to the petition. See Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part

---

[2]     Respondent concedes that petitioner has:  (1) Substantially prevailed in the proceedings; (2) satisfied the net worth requirements; and (3) not unreasonably protracted the Court proceedings.  Respondent also concedes that petitioner exhausted his administrative remedies with regard to 1992.

and remanding T.C. Memo. 1991-144; <u>Maggie Management Co. v. Commissioner</u>, 108 T.C. 430, 442 (1997).

Whether respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to these cases. See <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988); <u>Sher v. Commissioner</u>, 89 T.C. 79, 84 (1987). A position is substantially justified if the position is justified to a degree that could satisfy a reasonable person. See <u>Pierce v. Underwood</u>, <u>supra</u> at 565; <u>Maggie Management Co. v. Commissioner</u>, <u>supra</u> at 443. A position must have a reasonable basis both in law and fact. See <u>Pierce v. Underwood</u>, <u>supra</u> at 563-565. The fact that respondent eventually loses or concedes a case does not by itself establish that respondent's position was unreasonable. See <u>Maggie Management Co. v. Commissioner</u>, <u>supra</u> at 443; <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767 (1989).

Petitioner asserts that he delivered documents regarding the 1992 tax year to respondent on November 30, 1995. Petitioner further asserts that the position respondent took in his answer was not substantially justified because respondent failed to review the documents prior to filing an answer. Respondent contends that he did not receive the documents prior to filing his answer.

At the time the answer was filed, respondent's position was substantially justified because petitioner failed to substantiate claimed deductions and to disclose the source of unreported income.  Deductions are a matter of legislative grace, and taxpayers must substantiate their entitlement to a deduction.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Moreover, section 6001 imposes on taxpayers a duty to maintain books and records sufficient to support items reported on their returns.

On this record, we are not convinced that respondent received the documents in question with respect to the 1992 return on November 30, 1995.  Respondent's records do not contain an entry that indicates that respondent received the documents.  Moreover, respondent generally provides a receipt to taxpayers upon delivery of documents, and in the exercise of prudence a business person delivering important documents would obtain a receipt or other proof of delivery.  In this case, the record does not contain any such receipt or credible proof of delivery.

Even if we were to assume that petitioner delivered the documents on November 30, 1995, we find that the documents fail to substantiate petitioner's tax return positions.  In his answer, respondent took the position that petitioner failed to report income of $175,984.  The letter that petitioner supposedly sent to respondent on November 30, 1995, does not provide an

explanation concerning unreported income. Furthermore, petitioner's letter indicates that petitioner attempted to substantiate some of his claimed business expenses with his wife's receipts. Petitioner's letter did not describe the prenuptial agreement between himself and his wife, which affected the division of business income and expenses. Petitioner did not disclose the terms of the prenuptial agreement until the Appeals conference in June 1997.

Accordingly, respondent was reasonable in refusing to concede the adjustments until petitioner substantiated his deductions and disclosed the source of his unreported income. See Sokol v. Commissioner, supra at 765. Therefore, we hold that respondent's position was substantially justified at the time the answer was filed.

B.  1993 and 1994 Tax Years

Petitioner is not entitled to litigation costs for the tax years 1993 and 1994 because he failed to exhaust his administrative remedies. "A judgment for reasonable litigation costs shall not be awarded * * * in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service." Sec. 7430(b)(1). In general, a taxpayer has not exhausted the administrative remedies available within the IRS unless prior to filing a petition in the Tax

Court, he participates in an Appeals Office conference or at least requests such a conference and files a written protest if one is required in order to obtain an Appeals Office conference. See sec. 301.7430-1(b)(1), Proced. & Admin. Regs.

On May 29, 1996, respondent sent a 30-day letter regarding petitioner's 1993 and 1994 tax years to both the Atherton and Millbrae addresses. The 30-day letter indicated that petitioner could request an Appeals Office conference. Petitioner failed to respond to this letter.

Petitioner attempts to excuse this failure by relying upon section 301.7430-1(e), Proced. & Admin. Regs. Under this regulation, a party is deemed to have exhausted his administrative remedies if the party did not receive the notice of proposed deficiency (30-day letter) prior to the issuance of the statutory notice and the failure to receive such notice was not due to actions of the party (such as a failure to supply requested information or a current mailing address to the District Director or service center having jurisdiction over the tax matter) and the party does not refuse to participate in an Appeals conference while the case is in docketed status. See sec. 301.7430-1(e)(2), Proced. & Admin. Regs.

Petitioner's reliance on the regulation is misplaced because petitioner's own actions contributed to his failure to receive the 30-day letter. On September 25, 1995, petitioner mailed

respondent a letter indicating that he had moved to Beijing, China.  However, on October 13, 1995, petitioner filed his 1994 Federal income tax return using the Millbrae address. Accordingly, we find that respondent sent the 30-day letter to petitioner's last known address in Millbrae, California. Respondent was entitled to rely upon petitioner's 1994 tax return in order to determine petitioner's last known address.  Cf. Abeles v. Commissioner, 91 T.C. 1019 (1988) (Commissioner is entitled to treat the address on the taxpayer's most recent return as the taxpayer's last known address absent a clear and concise notification of an address change).[3]

Consequently, we find that petitioner failed to request an Appeals Office conference prior to filing a petition in the Tax Court.  Therefore, petitioner failed to exhaust his administrative remedies, and he is not entitled to litigation costs with regard to the 1993 and 1994 tax years.

Moreover, the position that respondent took in his answer was substantially justified.  When respondent filed his answer, he did not have sufficient information to conclude that

---

[3]     Even if petitioner faxed, as he alleges, a letter to respondent on May 28, 1996, indicating that his mailing address was in Beijing, China, this letter did not constitute a timely change of address for purpose of the 30-day letter mailed on the following day.  Cf. Rose v. Commissioner, T.C. Memo. 1992-739 (tax return filed 45 days prior to the mailing of a notice of deficiency did not constitute timely notice of change of address).

petitioner's claimed deductions were substantiated.  Respondent's auditors reviewed petitioner's records before respondent filed his answer.  At the time of the review, petitioner was not available to provide assistance or information concerning his records.  Without the benefit of petitioner's assistance, respondent's auditors found that the records failed to substantiate petitioner's tax return positions.  We are not persuaded by petitioner's apparent argument that he is entitled to leave with respondent a box containing some of his records without adequate explanation and expect that respondent's auditors somehow will figure out the details of his business and finances without the benefit of assistance or explanation by petitioner.

After respondent filed his answer, an Appeals conference was held promptly.  At the Appeals conference, petitioner disclosed the terms of his prenuptial agreement, which affected the division of business income and expenses.  As soon as this information was disclosed, together with other explanations and documents requested by the Appeals officer, respondent allowed petitioner's claimed deductions and conceded that petitioner was not liable for the additions to tax.

For purposes of determining the reasonableness of respondent's position, the Court considers the facts known to respondent at the time the position was taken.  When respondent

filed his answer, he did not have the benefit of the substantiating information and explanations that petitioner provided at the Appeals conference.  Accordingly, we hold that respondent was substantially justified at the time the answer was filed.

Conclusion

For the foregoing reasons, petitioner is not entitled to a recovery of litigation costs.  Based on this conclusion, we need not and do not decide the reasonableness of the claimed expenses.

<u>Appropriate orders and</u>
<u>decisions will be entered</u>.