POLYCO, INC. AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16054-87.        Filed December 5, 1988.

*Frank R. Berman, Scott G. Harris,* and *G. F. Gallagher,* for the petitioner.

*Abbey B. Garber,* for the respondent.

OPINION

WHITAKER, *Judge:* This cause was set for trial on June 6, 1988, on the Court's regular trial calendar held in Dallas, Texas. On that day, the parties filed a stipulation of settlement and a stipulated decision. The decision was entered on June 14, 1988. On July 18, 1988, petitioner filed a motion for reasonable litigation costs and on July 28, 1988, a motion to vacate decision. On August 31, 1988, respondent filed notice of objection to each of petitioner's two motions.

At the suggestion of the Court, on September 30, 1988, petitioner filed an amended affidavit in support of its motion for litigation costs and, on the same date, respondent filed a supplemental notice of objection. Although petitioner failed to follow precisely the procedure set out in our Rules of Practice and Procedure (see Rule 232(c)), respondent has not objected on this basis. We therefore consider both motions together. See, e.g., *Senate Realty Corp. v. Commissioner,* 511 F.2d 929 (2d Cir. 1975); *Campbell v. Commissioner,* T.C. Memo. 1988-105; *Pulitzer v. Commissioner,* T.C. Memo. 1987-408. Our decision on the litigation costs issue is made on petitioner's motion, its attachments, and amended affidavit; respondent's notice of objection as supplemented; and the pleadings. No hearing has been requested and none is necessary.

Generally, a taxpayer who has substantially prevailed in a civil tax proceeding may be awarded a judgment for reasonable litigation costs incurred in such proceeding. Sec. 7430(a).[1] In order to be entitled to such an award, the taxpayer must be the "prevailing party." The taxpayer must:

(1) establish that the position of the United States in the civil proceeding was not substantially justified (sec. 7430(c)(2)(A)(i));

(2) substantially prevail in the litigation (sec. 7430(c)(2)(A)(ii)) and

(3) since petitioner is a corporation,[2] meet the net worth and number

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 504(b)(1)(B) of tit. 5 of the United States Code defines a party as one—

who is (i) an individual whose net worth did not exceed $2,000,000 at the time the adversary adjudication was initiated, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did

of employee requirements of section 504(b)(1)(B)(ii) of Title 5 of the United States Code (as in effect on the date of the enactment of the Tax Reform act of 1986 (sec. 7430(c)(2)(A)(iii)).

A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available to such party with the IRS. Sec. 7430(b)(1). No award for reasonable litigation costs may be made with respect to any portion of the civil proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these requirements must be met. *Sher v. Commissioner,* 89 T.C. 79, 83 (1987), on appeal (5th Cir., Feb. 1, 1988).

Respondent agrees that petitioner has substantially prevailed with respect to the amount in controversy. Respondent contends that: (i) His position was substantially justified, (ii) petitioner has not exhausted the administrative remedies available to it, (iii) the amount of costs claimed are unreasonable, (iv) petitioner has unreasonably protracted the proceedings, and (v) petitioner has not shown that the net worth and number of employee requirements have been met. These objections were all raised in respondent's original notice of objection filed August 31, 1988. By letter to petitioner's counsel and respondent's counsel dated September 6, 1988, we informally requested respondent to clarify his assertion as to the failure to exhaust administrative remedies in view of the affidavit of petitioner's counsel. We further requested that petitioner's counsel limit costs to action or inaction of District Counsel as required by section 7430, as amended, and to comply specifically with the requirements of Rule 232(d)(2) and 232(d)(3). Respondent's supplemental notice of objection filed September 30, 1988, responds to the ambiguity as to petitioner's utilization of administrative remedies. Although respondent's supplemental notice is not sworn to, petitioner has had ample opportunity to take exception to its recitation of facts it is

not exceed $7,000,000 at the time the adversary adjudication was initiated, and which had not more than 500 employees at the time the adversary adjudication was initiated;

Sec. 7430(c)(2)(A)(iii) states parenthetically that "the commencement of the proceeding described in subsection (a)" of sec. 7430 is to be read "in lieu of the initiation of the adjudication referred to" in 5 U.S.C. sec. 504(b)(1)(B) (1988). *Guyan Oil Co. v. Commissioner,* T.C. Memo. 1988-486, n. 10.

inaccurate. Under the circumstances, we accept as facts for the purposes of these motions the allegations set forth in respondent's supplemental notice.

Petitioner's motion for reasonable litigation costs simply fails to take into account the requirement of section 7430(c)(2)(A)(iii) as to net worth and number of employees. Since the burden is upon petitioner to establish entitlement to reasonable litigation costs, including meeting the requirements of a "prevailing party," petitioner has, with respect to this requirement, failed to carry its burden of proof. *Hall v. Commissioner*, T.C. Memo. 1988-450; *Doyle v. Commissioner*, T.C. Memo. 1988-449.

With respect to exhaustion of administrative remedies (sec. 7430(b)(1)), petitioner's representatives attended at least one conference with the Internal Revenue Service sometime prior to November 17, 1986, but the conference or conferences were with representatives of the District Director at Dallas, Texas, and not with one of respondent's appeals officers. On November 17, 1986, petitioner's certified public accountant who was handling the matter for petitioner before the District Director's Office notified the District Director's representative that petitioner did not intend to protest the proposed adjustments pertaining to the year 1983, which is the year involved in this matter. Respondent thereafter separated the year 1983 from the year 1984, which was also under audit, and proceeded to issue the statutory notice pertaining to 1983 on which the petition in this case is based. The statutory notice was issued to petitioner on March 12, 1987; the petition was filed on June 5, 1987. On November 18, 1987, more than 5 months after the petition was filed, petitioner held a conference with an appeals officer. However, the administrative remedies which must be exhausted by a prevailing party in order to qualify for reasonable litigation costs, pursuant to the requirements of section 7430(b)(1), refer to an appeals office conference available under sections 601.105 and 601.106 of the Statement of Procedural Rules (26 C.F.R. Part 601 (1988)). Participation in such appeals office conference must take place prior to the filing of a petition in the Tax Court. Sec. 301.7430-1(b)(1)(i), Proced. & Admin. Regs. Since none of the exceptions to this exhaus-

tion of administrative remedies requirement apply in this case, respondent's objection on this ground is well taken.

Respondent also argues that petitioner has unreasonably protracted these proceedings in violation of the prohibition of section 7430(b)(4). Respondent's answer was filed on June 29, 1987. The notice of trial was served on December 31, 1987. The appeals office conference on or prior to November 1987, failed to accomplish settlement. Petitioner has not informed us as to the facts or documents presented to the appeals officer. During the period from March 15, 1988, to May 31, 1988, one week prior to the date of the scheduled trial, respondent's counsel without success made numerous requests of petitioner's counsel to meet to discuss trial preparation and settlement. Contrary to the requirements of this Court's standing pretrial order served along with the notice of trial, petitioner's counsel declined to join in a proposed joint case status report and no such report was ever filed by petitioner's counsel. Petitioner and its counsel declined any contact with respondent's counsel, contrary to the standing pretrial order, until late May 1988. The standing pretrial order also requires the filing of a trial memorandum by each party no later than 15 days prior to the first day of the trial calendar, in this case 15 days prior to June 6, 1988. On May 24, 1988, 14 days prior to the date of trial, respondent's counsel received from petitioner's counsel a trial brief, document list, trial memorandum, and expert reports. At the conference between counsel on May 31, 1988, settlement was agreed upon.

Petitioner argues in this case that its position on each of the adjustments determined by respondent in the statutory notice was clear, that respondent had no basis for its position, and that at least with respect to the reasonable compensation issue, facts known to respondent (presumably to respondent's agents who had audited petitioner in prior years) demonstrated that respondent's determination of unreasonable compensation was groundless. Petitioner relies on the expert reports submitted to respondent's counsel on May 24, 1988, as demonstrating the lack of merit to the other adjustments in the statutory notice. These allegations on their face clearly demonstrate that had petitioner contacted respondent's counsel promptly with the facts and

arguments, particularly including expert reports, as respondent's counsel requested and as is required by the standing pretrial order, it is probable that the case would have been settled and a stipulated decision entered long prior to the call of calendar on June 6, 1988. Petitioner has not undertaken to explain why its counsel refused to meet with respondent's counsel earlier than May 31, 1988, or why trial preparation was apparently delayed until shortly before trial. We assume that the expert witness reports, which apparently were of material assistance in persuading respondent's counsel to settle the case, were not obtained until shortly before May 24, 1988.

Under the circumstances, we agree with respondent that petitioner's trial preparation strategy had the effect of making these civil proceedings "unreasonably protracted." Where a petitioner waits until the last minute to contact respondent's counsel, and to submit to counsel facts which demonstrate that respondent's position is incorrect, the petitioner must bear the consequences. See, e.g., *DeVenney v. Commissioner*, 85 T.C. 927, 933 (1985).

On this record, we cannot adequately deal with the reasonableness of petitioner's claimed costs. Sec. 7430(c)(1). Respondent asserts that petitioner agreed to provide additional cost information which as of September 30, 1988, had not been provided. Since we have sustained respondent on other objections, there is no need to focus on the reasonableness of the costs. For the same reason, we need not determine whether respondent's position was not substantially justified. Sec. 7430(c)(2)(A)(i).

For the foregoing reasons, petitioner's motion for reasonable litigation costs is to be denied. We will vacate the stipulated decision heretofore entered in this case in order to incorporate therein our order denying an award of litigation costs in compliance with section 7430(e).

*Appropriate orders will be entered.*