ROBERT D. HORN AND PEGGY P. HORN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horn v. Commissioner
Docket No. 25230-86.
United States Tax Court
T.C. Memo 1989-240; 1989 Tax Ct. Memo LEXIS 240; 57 T.C.M. (CCH) 434; T.C.M. (RIA) 89240; May 16, 1989. *240 Held, Ps' motion for allowance of litigation costs denied. R's motion for an award of damages for delay denied. Richard S. Karam, for the petitioners. LeRoy D. Boyer, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This matter is before the Court on petitioners' Motion for Litigation Costs (motion for costs) filed pursuant to Rule 231. (Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to sections of the Internal Revenue Code in effect during 1976 and 1977.) We vacated our decision entered pursuant to our Opinion in Horn v. Commissioner,T.C. Memo. 1988-169, for the purpose of considering petitioners' motion for costs. Respondent filed a response to petitioners' motion for costs and a motion for damages under section 6673 (motion for damages). [1] *241 Factual Background
Petitioners, Robert D. Horn and Peggy P. Horn, were husband and wife during the years in issue and they resided in Oklahoma City and Shawnee, Oklahoma, respectively, when they timely filed their petition herein on July 3, 1986. On April 11, 1983, petitioners filed their joint Federal income tax return for the taxable year 1976. On the same day respondent assessed, pursuant to sections 6651(a)(1) and 6651(a)(2), additions to tax in the amounts of $ 220.04 and $ 198.03, respectively, for the taxable year 1976. [2] *242 *243 On April 18, 1983, petitioners filed their joint Federal income tax return for the taxable year 1977. Petitioners had not sought an extension of time in which to file their returns for the taxable years 1976 and 1977. On April 9, 1986, respondent issued the statutory notice of deficiency herein, determining, pursuant to section 6653(b), additions to tax for fraud in the amounts of $ 2,742.12 and $ 4,098.50 for the taxable years 1976 and 1977, respectively. [3] *244 On April 18, 1986, respondent assessed pursuant to sections 6651(a)(1) and 6651(a)(2) additions to tax in the amounts of $ 1,667.56 and $ 1,500.80, respectively, for the taxable year 1977. On July 3, 1986, petitioners timely filed their petition herein, asserting among other things that they had paid the additions to tax assessed under sections 6651(a)(1) and 6651(a)(2) and that the additions to tax determined in the statutory notice of deficiency under section 6653(b) were therefore prohibited by section 6653(d). [4] On September 8, 1986, respondent filed an answer admitting that respondent had previously assessed and collected the additions to tax under sections 6651(a)(1) and 6651(a)(2) but denying that section 6653(d) estopped respondent from determining additions to tax pursuant to section 6653(b). Petitioners failed to file a reply to respondent's answer. Thus, the material allegations of fact set forth in respondent's answer were deemed admitted on January 12, 1987, pursuant to respondent's motion under Rule 37(c). On September 1, 1987, this case was noticed for trial to be held in Tulsa, Oklahoma, at a trial session beginning on February 1, 1988. On October 19, 1987, the I.R.S. district counsel in Oklahoma City filed with the Austin, Texas, Service Center two Request for Adjustment forms (Form 3870) for abatement of the section 6651(a) assessments. On November 30, 1987, district counsel verified that *245 the necessary computer action to cause abatement had been taken in Austin. On February 1, 1988, the parties submitted this case fully stipulated pursuant to Rule 122. Petitioners stipulated that all or a part of the underpayment of tax for the taxable years at issue was due to fraud. Discussion
We took under advisement petitioners' motion for costs, the essence of which is that section 6653(d) prohibits the simultaneous assessment of additions to tax under sections 6651(a) and 6653(b), and that by violating such prohibition section 7430 affords petitioners the remedy of reasonable litigation costs. Respondent denied petitioners' claims and moved for an award of damages under section 6673. We deny both parties' motions. Section 7430(c) establishes three conjunctive requirements which taxpayers must satisfy to be awarded reasonable litigation costs. Polyco, Inc. v. Commissioner,91 T.C. 963, 964 (1988). The taxpayer must establish that: (1) the position of the United States in the civil proceeding was not substantially justified (section 7430(c)(2)(A)(i) (now section 7430(c)(4)(A)(i)); (2) the taxpayer has substantially prevailed with respect to the amount in controversy or with *246 respect to the most significant issue or set of issues presented (section 7430(c)(2)(A)(ii) (now section 7430(c)(4)(A)(ii)); and (3) the taxpayer meets the requirements of section 504(b)(1)(B) of Title 5, United States Code (section 7430(c)(2)(A)(iii) (now section 7430(c)(4)(A)(iii)) (i.e., the net worth requirement). Petitioners must first establish that respondent's litigation position, after the district counsel became involved in the case, was not substantially justified. Sher v. Commissioner,861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987). (For cases commenced after November 10, 1988, see section 7430(c)(7).) The record does not indicate that district counsel became involved in this case prior to July 3, 1986, the date on which the case was commenced. The petition filed herein asserted that additions to tax for the taxable years at issue had been assessed and collected pursuant to section 6651(a). Respondent issued the statutory notice of deficiency herein on April 9, 1986, determining additions to tax under section 6653(b), three years subsequent to assessing the section 6651(a) additions to tax for the taxable year 1976 and nine days before assessing similar additions *247 for the taxable year 1977. Respondent's answer admitted that respondent had assessed and collected the additions to tax under section 6651(a) for both taxable years at issue. Petitioners raised in their petition the issue of the section 6653(d) prohibition of double assessment of additions to tax under sections 6651(a) and 6653(b). Respondent's answer admitted that section 6653(d) prohibits such double assessments. However, respondent claimed that the issue was not the section 6653(d) prohibition of double assessments, but fraud under section 6653(b). Although respondent did determine the fraud addition under section 6653(b) and had previously assessed additions to tax under section 6651(a), respondent had not assessed the section 6653(b) fraud additions. Assessment is a technical bookkeeping entry which may trigger collection, while a determination of tax and related items in a statutory notice of deficiency is not an assessment for purposes of section 6653(d). See Laing v. United States,423 U.S. 161, 170 n.13 (1976). Respondent abated the previously assessed additions under section 6651(a) on November 30, 1987, two months after the case had been set for trial. District counsel *248 filed his abatement request with the Austin, Texas, Service Center on October 19, 1987, one year and four months after additions under section 6651(a) had been assessed and those under section 6653(b) determined. Respondent was substantially justified in determining fraud additions under section 6653(b) at a time when section 6651(a) additions had been assessed, provided the section 6651(a) assessments were abated at or before the time of any assessment of section 6653(b) additions for a corresponding period. See Powell v. Granquist,252 F.2d 56, 62 (9th Cir. 1958). Respondent abated the section 6651(a) assessments before assessing any under section 6653(b), and thus has not violated section 6653(d). Petitioners stipulated that all or a part of their underpayment was due to fraud in each of the taxable years at issue. Thus, respondent, not petitioners, has prevailed on the most significant issue, i.e., the fraud issue. We do not reach the second and third tests raised by section 7430(c). This brings us to respondent's motion for damages pursuant to section 6673. Section 6673 authorizes an award of damages to the United States in an amount not in excess of $ 5,000 if the Court *249 finds that the taxpayer instituted or maintained his or her suit "primarily for delay, that the taxpayer's position in such proceeding [was] frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies." Petitioners' arguments under section 6653(d), although unsuccessful, possessed merit. Consequently, petitioners' suit was not maintained primarily for delay, nor was it frivolous or groundless. Furthermore, there is no indication in the record that petitioners failed to pursue available administrative remedies. We consequently refrain from awarding damages under section 6673. Since we find for petitioners on the merits on this issue, we do not find it necessary to consider the question of timeliness as to respondent's motion for award of damages under section 6673. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Section 6673 states: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.
2. Section 6651(a) states in part as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; (2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such notice 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *
3. Section 6653(b) states in part: (b) FRAUD. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * ↩
4. Section 6653(d) states: (d) NO DELINQUENCY PENALTY IF FRAUD ASSESSED. -- If any penalty is assessed under subsection (b) (relating to fraud) for an underpayment of tax which is required to be shown on a return, no penalty under section 6651 (relating to failure to file such return or pay tax) shall be assessed with respect to the same underpayment.↩