WILLIAM NORDVIK AND CLAIRE NORDVIK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nordvik v. Commissioner
Docket No. 821-90
United States Tax Court
T.C. Memo 1992-731; 1992 Tax Ct. Memo LEXIS 770; 64 T.C.M. (CCH) 1615; December 29, 1992, Filed *770 An appropriate order and decision will be entered. For Petitioners: John P. McDonnell. For Respondent: Patrick W. Lucas. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: This matter is before us on petitioners' Motion for Litigation Costs under section 7430 and Rule 231. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6659
1983
$  9,048
$   452.40
[1]
$  2,714.40
1984
64,757
3,237.85
[1]
19,427.10
1985
31,534
1,576.70
[1]
9,460.20
1986
21,797
[2] 1,089.85
[1]
6,539.10
[2]
The parties have settled their dispute with respect to all of the tax deficiencies *771 and additions to tax determined by respondent. Petitioners seek to recover only those litigation costs incurred after the parties ostensibly reached a basis for settlement and reported such to the Court in March 1991. The issues the Court must consider to decide petitioners' motion are: (1) Whether respondent's position in this proceeding was substantially justified within the meaning of section 7430(c)(4)(A)(i); [1] and (2) whether petitioners have unreasonably protracted the proceedings in this case within the meaning of section 7430(b)(4). For the reasons stated below, we hold that respondent's position was substantially justified and that petitioners unreasonably protracted the proceedings. Background
The following statement of facts regarding *772 the parties' settlement negotiations is based on the parties' filings in this case, including the parties' stipulated decision, petitioners' Motion to Vacate and Revise Decision, the Stipulation of Settlement, petitioners' Motion for Litigation Costs, respondent's various responses and objections, the parties' status reports, and the supporting affidavits and exhibits attached to those various filings. Under the circumstances of this case, we accept as facts for the purposes of petitioners' Motion for Litigation Costs the undenied allegations set forth in the record. Polyco, Inc. v. Commissioner, 91 T.C. 963, 966 (1988). Petitioners, William and Claire Nordvik, are husband and wife and resided in Fremont, California, at the time of the filing of their petition. This case commenced on January 10, 1990, upon petitioners' filing of their petition with respect to two October 13, 1989, statutory notices of deficiency relating to petitioners' 1983, 1984, 1985 and 1986 taxable years. The deficiencies were based upon respondent's disallowance of certain deductions and tax credits claimed by petitioners regarding their investment in certain "Airtricity" *773 or "Airmaster" wind turbines, which are types of energy-producing wind turbines. The parties reached a basis for settlement on or about February 19, 1991. On March 7, 1991, respondent provided petitioner with a proposed decision document for the years at issue. The parties reported the case as settled at the calendar call on March 11, 1991, in San Francisco, California. The parties agreed to settle the case based on the "substantiated out-of-pocket expenditures" settlement basis that respondent had offered to other investors in "Airtricity Wind Turbines". Under the agreement, for each year at issue petitioners' tax bases used to determine depreciation and investment credit for their investments in the wind turbines would be recognized to the extent that they could provide substantiation of actual investments made through that year. After petitioners provided respondent with certain substantiation, the proposed decision document was signed by both counsel for petitioners and respondent and entered by the Court on April 10, 1991. The decision stated that no taxes were due for the taxable years 1983, 1985, and 1986, and $ 21,004 was due for the taxable year 1984. The decision *774 also stated that no additions to tax were due under sections 6653(a) and 6659 for any of the years at issue. At some time after signing the decision document, petitioners' counsel reviewed the computations and determined that he disagreed with respondent's calculations used to determine the tax liabilities in the decision that the Court had entered. According to petitioners' counsel, respondent improperly applied section 46(c)(8) and section 48(q) to petitioners' substantiated investments in the wind turbines. Respondent asserted that the appropriate calculations under law were applied to the substantiated bases of petitioners' wind turbine investments. On July 5, 1991, petitioners filed a motion for leave to file an untimely [2] motion to vacate and revise decision. By order dated July 19, 1991, the Court granted petitioners' motion for leave to file and directed petitioners to file, on or before August 16, 1991, a motion to vacate and revise decision and to submit a proposed decision document and also directed respondent to file, on or before September 13, 1991, a notice of consent to petitioners' proposed decision document or an objection thereto, submitting respondent's proposed *775 decision document therewith. After the Court subsequently extended the time for filing these respective documents, petitioners filed a Motion to Vacate on October 7, 1991. Respondent filed a response on October 21, 1991, in which petitioners' computations were disputed. The parties informed the Court that they were proceeding with discussions regarding their differences, and by order dated October 30, 1991, the Court directed the parties to either submit a stipulated decision document or file a status report by December 2, 1991. Respondent filed a status report on December 6, 1991, and petitioners filed a status report on February 11, 1992. By order dated February 26, 1992, the Court directed the parties to submit a stipulated decision document by March 27, 1992. The parties *776 finally submitted a new stipulated decision document on March 31, 1992. By order dated April 2, 1992, the Court vacated and set aside the decision previously entered on April 10, 1991, and directed the Clerk of the Court to file as a Stipulation of Settlement on May 12, 1992, the decision document submitted on March 31, 1992. The Stipulation of Settlement provided that no deficiencies in tax or additions to tax were due for 1983, 1984, 1985, and 1986. Petitioners filed their Motion for Litigation Costs on May 12, 1992. Respondent filed an opposition to petitioners' motion on July 13, 1992. Petitioners filed an additional affidavit in support of their Motion for Litigation Costs on August 17, 1992. Neither party has requested a hearing, and the Court concludes that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). Discussion
Section 7430(a) authorizes the Court to award reasonable administrative costs and reasonable litigation costs to taxpayers who prevail against the Government in civil tax litigation. This provision was originally enacted by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. *777 97-248, sec. 292, 96 Stat. 572, and was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2752 (effective for proceedings commenced after Dec. 31, 1985), and the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239, 102 Stat. 3743-3746 (effective for proceedings commenced after Nov. 10, 1988). Since this proceeding commenced in 1990, those amendments apply in this case. To obtain an award of litigation costs under those provisions, petitioners must prove that they are the "prevailing party" within the meaning of section 7430(c)(4), which requires, inter alia, that petitioners establish that respondent's position in the proceeding was not substantially justified. In addition, petitioners may not receive an award for litigation costs if they have unreasonably protracted the proceedings. Sec. 7430(b)(4). Respondent concedes that petitioners satisfy all of the requirements for award of litigation costs under section 7430 except the two above-mentioned requirements. Respondent asserts that once petitioners substantiated the investment amounts, computation of the allowable credits, deductions, and final tax liabilities must *778 be accomplished according to law. Specifically, respondent applied section 46(c) and section 48(q) in the computations. Petitioners assert that respondent improperly raised these two "new legal issues" in the calculations after the basis for settlement was reached. Section 46(c)(8)(A) provides that the "credit base" of certain property is reduced by the amount of any nonqualified nonrecourse financing used with respect to such property. The credit base is the tax basis of an asset qualifying for investment credit to which the credit rate is applied to determine the amount of the tax credit allowed. Section 46(c)(8)(F) provides that subparagraph (A) shall not apply to "qualified energy property", which definition requires, inter alia, that any nonqualified nonrecourse financing used with respect to the property constitutes a "level payment loan" within the meaning of section 46(c)(8)(F)(ii)(IV) and (iv). It is clear from the record that petitioners never established that the loans involved in this case were level payment loans or that respondent expressly conceded this requirement as part of the settlement. There is nothing in the record indicating that the settlement precluded *779 application of section 46(c)(8) to petitioners' wind turbines or the financing thereof. Rather the agreement was that petitioners would be granted tax bases for substantiated investments in the wind turbines. Petitioners accepted a reduction of $ 2,000 in their tax credit carryforward beyond the years at issue in this case in settlement of certain timing issues related to section 46(c) as part of the settlement reached in the Stipulation of Settlement. Separately, section 48(q) operates to reduce a taxpayer's basis in certain property for which an investment credit is being claimed for purposes of that credit. However, for property such as petitioners' wind turbines, this section applies only to such property placed in service after December 31, 1982. H. Conf. Rept. 97-760 (1982), 1982-2 C.B. 606-607. Petitioners assert that respondent erroneously believed petitioners placed a wind turbine in service during 1983, when it was actually placed into service during 1982. Thus, petitioners claim that section 48(q) is inapplicable to this wind turbine investment and their basis cannot be reduced thereby. In the Stipulation of Settlement, respondent conceded *780 this point and did not apply section 48(q) to petitioners' property placed in service in 1982. However, it is clear from respondent's Memorandum Brief in Opposition to Petitioners' Claim and Motion for Litigation Costs and attachments thereto that during most of the time period that petitioners sought recovery of litigation costs petitioners were arguing against application of section 48(q) for the years 1983, 1984 and 1985, as well as 1982. Instead of specifying the grounds for their objection to the application of section 48(q), petitioners summarily demanded that respondent "drop all of the new issues concerning section 48(q)" arguing that such issues were not part of the basis for settlement. Not until late January or early February 1992 did petitioners clarify their contention that section 48(q) was inapplicable to property placed in service during 1982 and provide substantiation of such. The fact that respondent eventually loses or concedes the case is not sufficient to establish that the positions taken were unreasonable. Sokol v. Commissioner, 92 T.C. 760, 767 (1989). Where there are factual questions regarding tax returns, respondent is *781 not obligated to concede the case until the necessary documentation is received to prove the taxpayer's contentions and claims. Sokol v. Commissioner, supra at 765. Awards of litigation costs may be denied where taxpayers are in possession of information relevant to case settlement and fail to be forthcoming with those facts and arguments. Sec. 7430(b)(4); Polyco, Inc. v. Commissioner, 91 T.C. 963, 968 (1988); see also DeVenney v. Commissioner, 85 T.C. 927, 933 (1985). There is nothing before the Court that indicates that the parties agreed in February/March 1991 to a settlement regarding the final tax liabilities for the years at issue. Rather, it is apparent that petitioners agreed to accept respondent's out-of-pocket settlement offer regarding what investment amounts would be used to determine the bases of petitioners' investments and in which tax years. There is no indication that the parties agreed to limit application of otherwise applicable sections of the Internal Revenue Code. While the final Stipulation of Settlement resulted in no deficiencies and no additions to tax *782 for the years at issue, we hold that it was not unreasonable for respondent to apply the law to the agreed tax bases of petitioners' assets in calculating credits, deductions, and the resulting tax liabilities. Petitioners did not facilitate this process by simply demanding that respondent drop the application of section 48(q) rather than provide the information and substantiation which, when eventually provided, concluded the dispute in petitioners' favor. Specifically, we note that petitioners belatedly informed respondent of the facts and arguments that section 48(q) was being misapplied to property acquired in 1982 rather than flatly objecting to the imposition of "two new legal theories" to the case (i.e., application of sections 46 and 48 to substantiated bases). Significantly, we also note that petitioners knew the results of respondent's calculations for more than a month before the Court entered the decision in this case. Petitioners waited another 86 days before filing their Motion for Leave to File Motion to Vacate and Revise Decision. Apparently, petitioners waited until they received respondent's calculations before questioning or even examining and checking the final *783 tax liability amounts. Under these circumstances, we hold that respondent's position in the litigation was substantially justified and that petitioners unreasonably protracted these proceedings. Therefore, petitioners' Motion for Litigation Costs will be denied. An appropriate order and decision will be entered.
Footnotes
1. Amount to be determined.↩
2. The additions to tax for 1986 are determined under sec. 6653(a)(1)(A) and (a)(1)(B).↩
1. Sec. 7430 allows the Court to grant reasonable litigation costs in proceedings before the Court. References to sec. 7430 are to that section as amended by sec. 6239 of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743-3746.↩
2. Rule 162 allows a party 30 days after the entry of a decision to file a motion to vacate or revise the decision. Petitioners' Motion for Leave to File Motion to Vacate and Revise Decision was filed 86 days after the decision was entered.↩