ALAN C. BUCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buck
Docket No. 18423-90
United States Tax Court
T.C. Memo 1993-16; 1993 Tax Ct. Memo LEXIS 19; 65 T.C.M. (CCH) 1743; January 14, 1993, Filed *19 For Petitioner: Shirley A. de Best. For Respondent: Maria D. Murphy. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This matter is before the Court on petitioner's motion for an award of reasonable administrative and litigation costs pursuant to section 7430[1] and Rule 231. In accordance with Rules 231 and 232, the parties have submitted affidavits and memoranda in support of their positions. We decide the matter based upon petitioner's motion, respondent's objection, and affidavits and exhibits provided by both parties. [2] Neither party requested a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). At the time of the filing of the petition herein, petitioner resided in Cypress, California. *20 In a notice of deficiency dated June 29, 1990, respondent determined a deficiency in petitioner's Federal income tax for 1986 in the amount of $ 5,286, plus additions to tax under section 6651(a)(1) in the amount of $ 1,320.25, section 6653(a)(1)(A) in the amount of $ 264.30, 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ 5,286, and section 6654(a) in the amount of $ 255. A stipulation of settled issues reflects respondent's complete concession of her determination. The issues for decision are: (1) Whether petitioner exhausted his available administrative remedies; (2) whether petitioner unreasonably protracted the proceedings; (3) whether the amount of administrative and litigation costs claimed by petitioner are reasonable. On April 7, 1986, petitioner withdrew $ 27,453 from an IRA account on deposit at the Mercury Savings and Loan Association (hereafter referred to as Mercury). Subsequently, on April 9, 1986, petitioner opened another IRA account at the Huntington Savings and Loan Association (hereafter referred to as Huntington) in which he deposited the $ 27,453 previously withdrawn from Mercury. Petitioner, because his income was less than the filing *21 requirement, was not required to file a tax return for 1986. On April 19, 1990, Ms. Marianne Le Compte, respondent's Chief of the Examination Branch at the Fresno Service Center, sent petitioner a 30-day letter stating that respondent had computed petitioner's income for 1986 based on information provided by payors, which reflected the receipt of the $ 27,453 as taxable. The explanation of adjustments reflected total additional "taxes, interest, and penalties as of 5/19/90" of $ 10,714.33. The letter indicated that the "person to contact" was "tax examiner." In response to the 30-day letter, on May 16, 1990, petitioner sent a letter to the Fresno Service Center via certified mail. The letter refers, in part, to petitioner's current tax bill of $ 10,000, but makes no direct reference to 1986. The bulk of the letter is in regard to a claimed refund for 1988. However, attached to the letter and referred to therein is a copy of respondent's 30-day letter for 1986. Petitioner requested an opportunity to meet with an agent after May 28, 1990, to discuss the matters contained in petitioner's letter. Attached to the letter were documents substantiating the 1986 nontaxable rollover. *22 There is no showing that any agent attempted to contact petitioner. On June 29, 1990, respondent issued the notice of deficiency for 1986. Subsequent to the issuance of the notice of deficiency, petitioner received a postcard from respondent, dated July 16, 1990, acknowledging receipt of petitioner's May 16th letter. After receiving the notice of deficiency, petitioner, on September 10, 1990, wrote to Theron C. Polivka, Director of the Service Center of the Western Region, stating that he was not required to file a tax return for 1986 as his taxable income was less than $ 1,700 and that respondent's computation was erroneous. Attached to the letter were copies of the documents previously sent to respondent substantiating the tax-free rollover of the $ 27,453 from Mercury to Huntington. Because he received no reply from respondent, petitioner filed a petition with this Court on October 12, 1990. A proposed stipulated decision reflecting respondent's concessions was sent to petitioner on July 13, 1992, with a cover letter containing the following language: "The settlement we reached has not yet been approved * * *"; petitioner, however, refused to sign this document until it *23 had been approved. On July 22, 1992, an approved proposed stipulated decision (identical to the first) was sent to petitioner. On July 24, 1992, petitioner's attorney, Ms. Shirley A. de Best, filed an Entry of Appearance in this case and met with respondent on July 29, 1992, to discuss the proposed stipulated decision. At the conclusion of the meeting, petitioner remained unwilling to sign the proposed stipulated decision because no agreement could be reached as to attorney fees and costs. At the calendar call on August 10, 1992, respondent orally conceded the deficiency and the additions to tax. Pursuant to the Court's order, a stipulation of settled issues was filed on September 15, 1992, and the motion for administrative and litigation costs was filed on September 16, 1992. Respondent, in a notice of objection filed November 24, 1992, conceded that (1) petitioner has substantially prevailed on the contested issue; (2) respondent's position was not substantially justified; and (3) petitioner meets the net worth requirements. However, respondent contends that petitioner did not exhaust his administrative remedies and unreasonably protracted the proceedings, and that the administrative *24 and litigation costs claimed are unreasonable. Section 7430(a) provides that in the case of any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such administrative proceedings within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such proceeding. [3]
In general, a prevailing party may be awarded reasonable administrative and litigation costs if the party has: (1) Exhausted its administrative remedies; (2) established that respondent's position in the proceeding *25 was not substantially justified; (3) substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; (4) established that the prevailing party's net worth did not exceed $ 2 million at the time the proceeding was commenced; and (5) not unreasonably protracted any portion of the proceeding. Sec. 7430(b) and (c). All of these requirements must be met for an award to be made. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). Petitioner bears the burden of proving he is entitled to such an award. Rule 232(e); Dixson International Service Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990). Exhaustion of Administrative Remedies
Respondent maintains that petitioner failed to exhaust the administrative remedies available within the Internal Revenue Service, as required by section 7430(b)(1), and, therefore, does not qualify for the recovery of his litigation costs. Respondent contends that petitioner did not request nor participate in an appeals conference as required by section 301.7430-1(b)(1), Proced. & Admin. Regs. Section 301.7430-1(b), *26 Proced. & Admin. Regs., provides that a party has not exhausted the administrative remedies with respect to any tax matter "for which an Appeals office conference is available" within the IRS unless the party participates in such a conference prior to the filing of a petition in Tax Court. Rogers v. Commissioner, T.C. Memo. 1987-374. The administrative remedy referred to is an appeals office conference available under sections 601.105 and 601.106 of the Statement of Procedural Rules (26 C.F.R. Part 601 (1992)). Polyco, Inc. v. Commissioner, 91 T.C. 963, 966 (1988); sec. 301.7430-1(b)(1), Proced. & Admin. Regs. Based on this record, we believe petitioner exhausted his administrative remedies. The 30-day letter provides: If you do not agree, you have 30 days from the date of this letter to mail us an explanation why you are not required to file, or evidence or information you want us to consider. You may file a Form 1040 with substantiating information for this purpose. Attach this letter to the front of your Form 1040. If we do not hear from you within 30 days, we will process your case as shown in the enclosed *27 report. (Publication 5 explains your appeal rights.)
Petitioner timely responded to the 30-day letter by sending respondent a letter, dated May 16, 1990, via certified mail in which he stated, in part: Please, make an appointment for me with one of your local IRS agents. Grant to that agent, permission to resolve my earlier request for a tax refund and allow that agent to resolve my current tax bill for the $ 10,000. * * * I am free to attend a meeting with your agent, any time after May 28, 1990. I would like to meet with your agent in Santa Ana, California, but any other locality in Orange County, California, will be satisfactory. Please confirm this appointment with a written notice to me. Since my earlier correspondence seems to have gone astray, I am sending this letter via registered mail. Please note, this correspondence officially, denies the tax you have assessed in your letter of 4/19/'90. This is my timely response and my attempt to resolve this matter in a just and timely manner.
Petitioner was never afforded an opportunity to meet with an appeals officer or agent; rather, a notice of deficiency was issued on June 29, 1990. Respondent requested *28 a response within 30 days, received a timely response, but failed to even acknowledge such receipt for 2 months. Petitioner did what he was asked to do. Accordingly, we hold that petitioner did not fail to exhaust the administrative remedies available to him. Protraction of the Proceedings
Based on this record, we also do not believe petitioner unreasonably protracted the proceedings. It was not until July 22, 1992, that respondent sent petitioner an approved proposed stipulated decision document. On July 24, 1992, petitioner's attorney filed an Entry of Appearance and met with respondent on July 29, 1992, to discuss the proposed decision document. Agreement as to petitioner's request for litigation fees was not attained. Consequently, petitioner's refusal to sign the decision document prior to the calendar call on August 10, 1992, does not seem unreasonable. Accordingly, we hold that petitioner did not unreasonably protract the proceedings. Cf. Mearkle v. Commissioner, 90 T.C. 1256 (1988). Reasonableness of Administrative and Litigation Costs
We now decide whether the amount claimed by petitioner for litigation costs is reasonable, *29 and if not, what portion of the amount claimed should be awarded under section 7430. Petitioner is requesting $ 9,688.24 in costs, $ 3,200 in pro se fees [4] and $ 8,395 in attorney fees. Respondent objects to the reasonableness and amount of the alleged fees and expenses. 1. Costs and pro se fees.
Petitioner is not entitled to recover costs for the value of his pro se legal services. We have held that a pro se attorney may not recover fees for the value of his own services because lost opportunity costs are not fees paid or incurred for the service of an attorney within the meaning of section 7430. Frisch v. Commissioner, 87 T.C. 838, 844-846 (1986). *30 Thus, the $ 3,200 and $ 6,693.20 claimed by petitioner for the value of his pro se legal services and lost wages, respectively, while pursuing this matter constitute "opportunity costs" which are not costs which may be awarded under section 7430. Moreover, mileage, parking, the interest on his life insurance policy, [5] and medical bills are not expenses which fall within the purview of section 7430. Although telephone charges may be reimbursable litigation costs under section 7430, petitioner has failed to submit telephone bills and documentation indicating to whom the calls were made and the purpose of the calls. Therefore, based on this record, we disallow the amount claimed for telephone charges. However, the copying expense ($ 59.60) and mailing expense ($ 175.27) constitute awardable litigation costs. Schaefer v. Commissioner, T.C. Memo. 1991-426. Accordingly, petitioner shall be awarded the amounts claimed for copying and mailing. *31 2. Attorney fees.
Petitioner seeks an award of attorney fees for 34.5 hours. The following is a description of the work performed: Date
Description
Hours
7/1/92
Review documents for trial.
5.5
7/13/92
Consultation with respondent.
1.0
7/20/92
Consultation re: settlement.
1.5
7/23/92
Preparation of trial memo and
entry of appearance.
5.0
7/28/92
Preparation of settlement documents.
2.0
7/29/92
Settlement meeting.
5.0
8/9/92
Review for Court appearance.
1.5
8/10/92
Court appearance.
4.5
8/14/92
Preparation of motion for litigation
costs.
8.5
In addition, Ms. de Best incurred a courier expense of $ 37.50 on July 24, 1992. Respondent contends that the attorney fees allegedly incurred by petitioner are unreasonable. Specifically, respondent contends that the expenses incurred on July 23, 24, and 28, 1992, were excessive. We concur with respondent as to the expenses incurred on July 23 and July 28. Ms. de Best's entry of appearance consisted of three lines and her trial memorandum was basically a filled-in one page standing pretrial order form and focused on the conceded rollover issue and alleged attorney fees of $ 26,991.43. The form also suggested *32 a 3-day jury trial. Settlement documents had been sent to petitioner on July 22, 1992. There is no indication in the record as to the meaning of "settlement documents to be prepared" on July 28, 1992. Accordingly, we believe that 2 hours is a reasonable time for the activities performed on July 23 and 28. The remaining 27.5 hours claimed and the courier fee are also reasonable. Accordingly, petitioner is entitled to an award for attorney costs and the courier fee. However, section 7430(c)(1)(B)(iii) provides that attorney's fees "shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor * * * justifies a higher rate." Based on this record, there is no evidence that petitioner's attorney is entitled to more than $ 75 per hour. Petitioner did not request a cost of living adjustment nor is there any information in the record to support such an adjustment. Accordingly, we award petitioner $ 2,212.50 (29.5 x $ 75) for attorney's fees and $ 37.50 for courier fees, together with $ 59.60 for copying expense and $ 175.27 for mailing expense as previously noted. Therefore, petitioner is entitled to an award of $ 2,484.87. *33 To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed a memorandum brief in response to respondent's objection, which is neither required by Rule 232↩ nor ordered by the Court. Therefore, we do not consider the matters set forth therein. Nevertheless, even if we were to consider such matters, our conclusion would not be changed.
3. Amendments to sec. 7430 by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3743, apply to proceedings commenced after Nov. 10. 1988. Since the petition in this case was filed on Aug. 9, 1990, the TAMRA amendments in sec. 7430↩ apply.
4. Petitioner's motion requested reimbursement for the following costs and pro se fees: ↩
Express mail
$ 117.35
Certified mail
57.92
Photocopies
59.60
Parking
19.50
Office supplies
19.90
Telephone
404.63
Courier
52.50
Mileage
1,324.18
Local travel
174.24
Medical
35.00
Lost wages
6,693.20
Interest on life insurance
730.22
Pro se fees
3,200.00
5. Apparently, this represents accrued interest on a loan of the cash surrender value on a life insurance policy.↩