T.C. Memo. 2002-151

UNITED STATES TAX COURT

WAYNE HAMPTON AND LOIS HAMPTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3092-01.          Filed June 13, 2002.

<u>John M. Moles</u>, for petitioners.

<u>Gary L. Bloom</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $75,075
in petitioners' Federal income tax for 1994.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 1994.

After concessions, the remaining issue for decision is whether petitioners are entitled under section 7430 to an award of $12,339 in litigation costs.

FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Watts, Oklahoma.

On December 27, 1996, respondent began an audit of petitioners' 1994 Federal income tax liability.

On April 15, 1997, as a result of petitioners' failure to attend several scheduled appointments with respondent's revenue agent and to provide respondent with requested records, respondent issued to petitioners a 30-day letter with regard to petitioners' 1994 Federal income tax liability.

Petitioners filed with respondent's Appeals Office a protest to the above 30-day letter. Because petitioners represented to the Appeals Office that they possessed records for 1994 that they had not yet provided to respondent's revenue agent, respondent's Appeals Office returned petitioners' case to respondent's Examination Division for review of the additional records that petitioners offered to provide.

Over the next 12 months, progress was made by petitioners and respondent's revenue agent towards an agreement of petitioners' 1994 Federal income tax liability. Petitioners provided to respondent additional records relating to some but

not all of the adjustments reflected in respondent's above 30-day letter.  Upon respondent's review of the additional records provided, some adjustments set forth in the 30-day letter were conceded by respondent, and on August 27, 1998, respondent issued to petitioners a revised 30-day letter.

On July 16, 1999, after petitioners had provided to respondent's revenue agent yet additional records, respondent issued to petitioners a second revised 30-day letter, reflecting additional concessions by respondent.

Petitioners again protested to respondent's Appeals Office the adjustments set forth in respondent's second revised 30-day letter.  Petitioners then provided to respondent's Appeals Office even more records relating to some of the remaining adjustments that had previously not been provided.  Upon review of these records, respondent conceded or settled additional adjustments.

On December 7, 2000, respondent mailed to petitioners a notice of deficiency for petitioners' 1994 Federal income tax liability that reflected the adjustments that had not been agreed to, and on March 7, 2001, petitioners filed their petition herein.

Shortly prior to the scheduled trial and as a result of additional records provided by petitioners to respondent for the first time, petitioners and respondent reached a basis for

settlement on all of the remaining adjustments set forth in respondent's notice of deficiency.

On February 11, 2002, petitioners filed under section 7430(a) their motion for an award of $12,339 in litigation costs.

OPINION

Respondent acknowledges that petitioners substantially prevailed with respect to the adjustments set forth in respondent's notice of deficiency, that petitioners met the net worth requirement, that petitioners exhausted available administrative remedies, and that the $12,339 in claimed litigation costs is reasonable. See sec. 7430(c)(4), (b)(1), (c)(1), (2), and (3). Respondent contends, however, that petitioners unreasonably protracted the administrative and court proceedings herein and that respondent's position was substantially justified. See sec. 7430(b)(3) and (4).

Petitioners emphasize that they seek recovery only of litigation costs incurred after respondent mailed the notice of deficiency (namely, of litigation costs incurred after December 7, 2000), and not administrative costs incurred during the audit examination and Appeals protest when their delay in producing records to respondent may have delayed the resolution of the adjustments.

In connection with the audit, appeals, and litigation of this case (from December 27, 1996, to February 2002), petitioners

failed to attend various scheduled meetings with respondent's representatives and failed timely to produce records.

Respondent's audit, respondent's Appeals Office consideration, <u>and</u> the ultimate settlement of petitioners' case in this Court all appear to have been delayed by the haphazard fashion in which petitioners produced their records.

On the limited record before us in this case, we conclude that petitioners' delay in producing records protracted the administrative and court proceedings within the meaning of section 7430(b)(3).  Petitioners are not entitled to an award of any litigation costs.  See <u>Polyco, Inc. v. Commissioner</u>, 91 T.C. 963, 968 (1988).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.