T.C. Memo. 2009-277

UNITED STATES TAX COURT

JAMES T. AND TIFFANY A. MANNING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30112-07.              Filed November 30, 2009.

<u>Farley P. Katz</u> and <u>Charles J. Muller, III</u>, for petitioners.

<u>Daniel N. Price</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on
petitioners' motion for litigation costs, as supplemented.
Petitioners seek attorney's fees and costs under section 7430 and
Rule 231 as well as excessive costs and sanctions against
respondent under section 6673(a)(2).[1]

---

[1]All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
and Procedure, unless otherwise indicated.

We must decide whether petitioners are entitled to recover more than $250,000 of litigation costs under either section 7430 or 6673. We hold that they are not.

Background

The underlying facts of this case are set out in detail in Manning v. Commissioner, T.C. Memo. 2009-157. We summarize the factual and procedural background briefly to rule on the instant motion. Petitioners are husband and wife who resided in Texas at the time they filed the petition.

James Manning (petitioner) operated the Austin, Texas, office of Assent, LLC (Assent) through his wholly owned entity, James T. Manning, LLC, a disregarded entity. Petitioners deducted large commission adjustments paid to the Warrior Fund (Warrior) on their Federal income tax return. Warrior was owned by petitioner's brother and was operated out of the United States Virgin Islands (USVI). The IRS investigated Warrior in connection with an alleged abusive tax shelter. As a result of that investigation, respondent examined petitioners' tax return and issued a deficiency notice disallowing the commission-adjustment deductions. Respondent also determined, among other things, that petitioners were liable for an accuracy-related penalty.

Respondent disallowed deductions for the payments to Warrior under several theories involving the relationship between petitioner and his brother. Respondent's primary argument was that petitioner's payments to Warrior were not deductible under

section 162(a) because the payments were not ordinary and necessary business expenses. Respondent also made two alternative arguments against deductibility. Respondent argued that the payments were nondeductible illegal payments under section 162(c)(2). Respondent also argued that the payments were not deductible because the transactions lacked economic substance.

Petitioners conceded that they had mistakenly deducted $100,000 of commission adjustments in 2003. After trial we held that petitioners were entitled to the other deductions at issue, that they did not have $208,329 in unreported income, and that they were not liable for the accuracy-related penalty. Petitioners then filed a motion for litigation costs, as supplemented. Petitioners seek to recover more than $250,000 in litigation costs from respondent, including their attorney's fees.

## Discussion

We now address whether petitioners may recover any of their litigation costs. The prevailing party may be awarded reasonable litigation costs in any court proceeding brought by or against the United States involving the determination or collection of tax. Sec. 7430(a)(2). A prevailing party must establish, to obtain such an award, that (1) the party has exhausted the administrative remedies available; (2) the party has substantially prevailed in the controversy; (3) the party satisfies certain net worth requirements; (4) the party has not

unreasonably protracted the proceedings; and (5) the amount of costs is reasonable. Sec. 7430(b) and (c). The failure to satisfy any one of the requirements precludes an award of costs. See sec. 7430(b) and (c); see also Rule 232(e); Swanagan v. Commissioner, T.C. Memo. 2000-294.

Respondent acknowledges that petitioners "substantially prevailed" with respect to the amount in controversy and the most significant issue or set of issues presented. Sec. 7430(c)(4)(A)(I). Respondent argues, nonetheless, that petitioners should not be deemed the prevailing party because respondent's positions in the judicial proceedings were substantially justified and petitioners failed to establish that they met the net worth limitations. See sec. 7430(c)(4)(A)(ii), (B). We agree.

The moving party will not be treated as having prevailed, if the Government establishes that its position was substantially justified. Sec. 7430(c)(4)(B). The Commissioner's position is substantially justified if, based on all the facts and circumstances and relevant legal precedents, the Commissioner acted reasonably. See Pierce v. Underwood, 487 U.S. 552, 565 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Commissioner's position may be incorrect yet substantially justified if the Commissioner's position had a reasonable basis in law and fact. See Pierce v. Underwood, supra at 566 n.2; sec. 301.7430-5(c)(1), Proced. & Admin. Regs. A position has a reasonable basis in fact if there

is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  Pierce v. Underwood, supra at 564-565; Huffman v. Commissioner, 978 F.2d 1139, 1147 n.8 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.

All the facts and circumstances surrounding a dispute must be considered in analyzing whether the Government's position is substantially justified.[2]  Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182.  That respondent loses on an issue is not determinative of the reasonableness of respondent's position.  See Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  It remains a factor, however, to be considered.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).  Further, relevant factors include whether an issue is novel or difficult.  Nalle v. Commissioner, supra at 192.

Respondent's position was that petitioners were not entitled to deduct the commission adjustments paid to Warrior.  Respondent first argued that the payments were not ordinary and necessary business expenses under section 162(a).  Respondent also argued

---

[2]The Court looks to whether the Commissioner's position was reasonable given the available facts and circumstances at the time the Commissioner took his position.  See Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  The Commissioner's position in a judicial proceeding is generally the position the Commissioner took in the answer to the petition.  Sec. 7430(c)(7)(A); Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.

that the expenses were nondeductible illegal payments under section 162(c)(2).  Finally, respondent argued that the payments lacked economic substance.

We found that petitioners were entitled to the deductions. See Manning v. Commissioner, T.C. Memo. 2009-157.  We also find that respondent was substantially justified in arguing that they were not deductible.  The payments were between family members and family controlled businesses.  Such transactions present greater possibilities for abuse and require closer scrutiny for purposes of determining whether they are ordinary and necessary business expenses.  Tulia Feedlot, Inc. v. United States, 513 F.2d 800, 805 (5th Cir. 1975).  These payments were also for large amounts.  In addition, petitioner's brother was being investigated for allegedly participating in an offshore tax shelter.  We find that respondent's position was substantially justified given the relationship between James Manning and his brother.[3]  We further conclude that respondent's position regarding the accuracy-related penalty was substantially justified for similar reasons.  See Uddo v. Commissioner, T.C. Memo. 1998-276.  Accordingly, we conclude that petitioners are not the prevailing party for this purpose and may not recover any

---

[3]We also note that petitioners have failed to satisfy this Court that they met the net worth requirements of sec. 7430(c)(4)(A)(ii).  Petitioners bear the burden of proof with respect to this requirement.  Rule 232(e); Polyco, Inc. & Subs. v. Commissioner, 91 T.C. 963, 966 (1988); Jensen v. Commissioner, T.C. Memo. 2000-341.  We find that petitioners failed to provide adequate supporting information to establish their net worth or the net worth of their unincorporated business at the time they filed the petition.

litigation costs.  See sec. 7430(c)(4)(B).  In light of this holding, we need not decide whether petitioners exhausted their administrative remedies or whether the legal costs petitioners claim are reasonable.

Petitioners also seek fees under section 6673(a)(2), which allows this Court to award attorney's fees and costs when a Government attorney has multiplied the proceedings in any case unreasonably and vexatiously.  Respondent's counsel has not done so, and petitioners are not entitled to fees pursuant to section 6673(a)(2).

To reflect the foregoing,

An order will be issued denying petitioners' motion for litigation costs, as supplemented.