SCOTT C. BARKER AND LEZLIE M. BARKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barker v. Commissioner
Docket No. 17848-92
United States Tax Court
T.C. Memo 1994-98; 1994 Tax Ct. Memo LEXIS 99; March 8, 1994, Filed *99 For petitioners: Dan A. Collins and Allan Hill (specially recognized). For respondent: Carolyn Lee Harber. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judqe: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. This matter is before the Court on petitioners' motion entitled Motion and Claim for Award of Litigation and Administrative Costs under Rule 231 and section 7430. On August 10, 1993, we vacated our decision entered on June 30, 1993, pursuant to petitioners' motion to vacate, for the purpose of addressing petitioners' motion for costs filed also on August 10, 1993. The facts of the case are set forth in our Memorandum Opinion, T.C. Memo. 1993-280, filed June 28, 1993. Respondent determined a deficiency in petitioners' Federal income tax for tax year 1990 in the amount of $ 6,192. The issue for decision was whether petitioners were entitled to claim a deduction in the amount of $ 18,764, representing the distributive share of petitioner *100 Scott C. Barker (petitioner) of the losses of a business, Piedmont Diapers, which he operated with Stephen D. Brown (Mr. Brown). The resolution of the issue depended upon whether petitioner and Mr. Brown conducted the business in corporate form or as a partnership. Holding in favor of petitioner, we found that the business was conducted as a partnership. We will now address the merits of petitioners' motion for award of litigation costs. Pursuant to section 7430(a), a prevailing party in certain civil tax proceedings may be awarded a judgment for reasonable administrative and litigation costs. To be a "prevailing party" under section 7430(c)(4), the party seeking the award must: (1) Establish that the position of the United States in the proceeding was not substantially justified, sec. 7430(c)(4)(A)(i); (2) substantially prevail in the controversy, sec. 7430(c)(4)(A)(ii); and (3) establish that he or she has a net worth which does not exceed $ 2 million at the time the proceeding was commenced, sec. 7430(c)(4)(A)(iii). A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative *101 remedies available with the Internal Revenue Service. Sec. 7430(b)(1). No award for reasonable costs may be made with respect to any portion of the proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these requirements must be met. Polyco, Inc. v. Commissioner, 91 T.C. 963 (1988); Sher v. Commissioner, 89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The parties agree that petitioners have substantially prevailed, that petitioners exhausted their administrative remedies, and that petitioners did not unreasonably protract the proceedings. Respondent, however, contends that her position was substantially justified within the meaning of section 7430(c)(4)(A)(i). Respondent further argues that petitioners have not shown that the costs they seek are reasonable, and that petitioners have not established that they satisfy the net worth requirement of section 7430(c)(4)(A)(iii). The remaining questions for our consideration, therefore, are (1) whether petitioners have established that respondent's position was not substantially *102 justified, and, if so, (2) whether the costs sought by petitioners are reasonable, and (3) whether petitioners satisfy the net worth requirements of section 7430(c)(4)(A)(iii). Taking the last issue first, we hold that petitioners have satisfied the net worth requirement. Section 7430(c)(4)(A)(iii), in defining a "prevailing party", incorporates the net worth requirements of 28 U.S.C. section 2412(d)(2)(B)(1988). The latter section provides that a "party" means (i) an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed. Rule 231(b)(5) requires a statement, supported by an affidavit executed by the moving party, that the moving party meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B), if applicable. Petitioners submitted their affidavit in which they avow that their net worth "did not exceed $ 2,000,000.00 at the time the within action was filed." Respondent has not submitted any contrary affidavit. See Stieha v. Commissioner, 89 T.C. 784, 787 (1987). A party seeking litigation costs bears the burden of proving that *103 he is entitled to them. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); Stieha v. Commissioner, supra at 790. In meeting the burden of proof, petitioner must establish, essentially, that respondent's position was unreasonable. Sher v. Commissioner, supra ("substantially justified" test of amended section 7430 is not a departure from previous reasonableness standard). The United States Court of Appeals for the Fourth Circuit, to which an appeal in this case would lie, equates the term "substantially justified" with the term "reasonable". Bowles v. United States, 947 F.2d 91 (4th Cir. 1991). The fact that the Government ultimately loses the case or even concedes the case is not determinative as to whether the taxpayer is entitled to reasonable litigation costs. Sokol v. Commissioner, 92 T.C. 760, 767 (1989). Petitioner has the burden of proving that respondent's position was unreasonable in view of the facts available to respondent at the relevant time. DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). *104 Petitioner and Mr. Brown began their business in South Carolina in partnership form in February 1990, using the name Piedmont Diapers. In May 1990, they attempted to incorporate the business under the name Piedmont Diapers, Inc., but the articles of incorporation were returned by the Secretary of State of South Carolina because that corporate name was not available. On September 13, 1990, articles of incorporation were filed with the name SBBS, Inc. No assets were transferred to SBBS, Inc.; no bank account was opened in that name. SBBS, Inc. never held itself out to the public as a diaper business, and petitioner and Mr. Brown continued to do business under the name Piedmont Diapers. A corporate income tax return, Form 112OS, for the year ended December 31, 1990, was filed with the name SBBS, Inc., printed by hand above the name Piedmont Diapers, and a Form 941, Employer's Quarterly Federal Tax Return, for the quarter ending September 30, 1990, was filed using the name SBBS, Inc. Other Forms 941, as well as Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, were filed in the name Piedmont Diapers, Inc., or Piedmont Diapers. We found that the business was conducted *105 as a partnership because the purported corporate entity involved, SBBS, Inc., was a mere corporate shell that held no assets and conducted no business. In reaching that conclusion, we noted: The ambiguity concerning petitioner's form of business organization arose because of inept handling, by petitioner and Mr. Brown, or their business entities. It is clear that when petitioner and Mr. Brown incorporated SBBS, Inc., they intended to use that entity to conduct their diaper business. They mistakenly believed that SBBS, Inc., was an S corporation. We find truth in respondent's argument that petitioner and his accountant "discovered" that the business was a partnership only after they realized they were not eligible for the benefits of an S election. We can readily understand respondent's position on the basis of the factual ambiguities of this case. [Barker v. Commissioner, T.C. Memo. 1993-280 (slip op. at 12-13). ]
Petitioner himself was initially mistaken about the form of his business enterprise. Such confusion is reflected in the two corporate returns filed on behalf of SBBS, Inc., by petitioner and his partner. Under these circumstances, *106 we hold that petitioner has failed to carry his burden of proof in establishing that respondent's position was not substantially justified. Accordingly, petitioners do not satisfy the statutory definition of "prevailing party" and are not entitled to litigation and administrative costs. Having concluded that petitioners are not the prevailing party within the meaning of the statute, we need not decide whether the fees and costs claimed by petitioners are reasonable in amount. Petitioners' motion for an award of litigation costs will be denied. To reflect the foregoing, An appropriate order and decision will be entered.